THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | | |
|---|---|---|---|
| NICHOLAS BRAKE, | ) | | **07 C 6465** |
| | ) | | |
| Plaintiff, | ) | | |
| | ) | | |
| v. | ) | NO. | |
| | ) | | **JUDGE GOTTSCHALL** |
| CHICAGO POLICE OFFICER ALGHINI, | ) | JUDGE | **MAGISTRATE JUDGE COX** |
| Star No. 14603, CHICAGO POLICE | ) | | |
| OFFICER RAYMUNDO ZARAGOZA, | ) | | |
| Star No. 11637, POLICE LIEUTENANT | ) | | |
| ROBERT FLYNN, Star No. 232, and | ) | | |
| certain UNKNOWN Chicago Police | ) | | |
| Officers, Individually, and THE CITY OF | ) | | |
| CHICAGO, a municipal corporation, | ) | | |
| | ) | | |
| Defendants. | ) | | |

**COMPLAINT**

NOW COMES the Plaintiff, NICHOLAS BRAKE, by and through his attorney, Marcelle M. LeCompte, and in complaining of defendant officers, ALGHINI, RAYMUNDO ZARAGOZA, ROBERT FLYNN, and other as of yet unknown Chicago police officers, and THE CITY OF CHICAGO, states as follows:

**JURISDICTION AND VENUE**

1.   This action is brought pursuant to the United States Constitution and the Civil Rights Act, specifically 42 U.S.C. §§1983 and 1988, and the laws of the State of Illinois, to redress deprivations of the civil rights of Mr. Brake by the acts and/or omissions of Defendant Officers committed under color of law.

2.   This Court has jurisdiction under Title 28 U.S.C. §§ 1331.

3.   The Court has supplementary jurisdiction over the substantially related state claim

under 28 U.S.C. 1367 (a).

4. Venue is appropriate pursuant to 28 U.S.C. § 1391 as all of the complained of acts occurred within the Northern District of Illinois.

## PARTIES

5. Mr. Brake is a twenty-four year old citizen of the United States who lives in Haslett, Michigan.

6. Defendants, Alghini, Raymundo Zaragoza, Robert Flynn, and Unknown Chicago police officers ("Defendant Officers") are Chicago police officers employed by the City of Chicago Police Department, and are agents of the City of Chicago, who were, at all times relevant to this complaint, on duty, acting within the scope of their employment and under color of state law. Defendant Officers are being sued in their individual capacities.

7. The City of Chicago is a municipal corporation organized under the laws of the State of Illinois and, at all relevant times, was the employer of Defendant Officers.

## BACKGROUND FACTS

8. On or about July 27, 2006, around 12:30 a.m., Mr. Brake was at or near 16 West Division Street in Chicago, Illinois, with several friends.

9. After a verbal dispute with other patrons of a bar occurred, Mr. Brake's cousin was placed under arrest by Defendant Officers.

10. While Mr. Brake's cousin was being arrested, Mr. Brake unsuccessfully attempted to talk with Defendant Officers about his cousins arrest.

11. Mr. Brake yelled at Defendant Officers from at or about fifty feet away and then turned and began to walk away from the location.

12. Mr. Brake was not engaged in any criminal conduct.

13. Defendant Officers did not have an arrest warrant for Mr. Brake.

14. Defendant Officers did not have signed complaints against Mr. Brake.

15. Defendant Officers, without cause, sprinted directly at Mr. Brake.

16. Mr. Brake, in fear of being physically battered, took several steps away from Defendant Officers then tripped on a curb and fell to the ground.

17. After falling, Mr. Brake turned to a seated position on the ground where Defendant Officers then tackled him, punching him about the head and face.

18. Defendant Officers then shot Mr. Brake in the chest with a TASER stun gun.

19. Defendant Officers then deployed pepper spray at Mr. Brake.

20. Defendant Officers then arrested Mr. Brake without any legal justification.

21. Mr. Brake, did not, at any relevant time, disobey, resist or otherwise obstruct Defendant Officers.

22. Other Defendant Officers, observed unjustified force being used against Mr. Brake and failed to stop, intervene, or in any way prevent, the injuries to Mr. Brake.

23. As a result of Defendant Officers' misconduct, Mr. Brake suffered, among other physical injuries, burns and bruising.

24. Defendant Officers falsely charged Mr. Brake with battery, disorderly conduct and resisting arrest in an attempt to exculpate themselves from their unjustified use of force against Mr. Brake.

25. Defendant Officers falsified written police reports and fabricated evidence to bolster their account of Mr. Brake's arrest, hide their misconduct, and to commence and continue criminal charges against him.

26. Based upon the false allegations by Defendant Officers, Mr. Brake was criminally

charged in case number 06 MC 154800.

27. As a result, Mr. Brake had to retain an attorney, travel to Chicago and appear in court.

28. On November 15, 2006, all charges against Mr. Brake were dismissed.

29. Mr. Brake has suffered damages because of the misconduct of Defendant Officers that include, but are not limited to, physical pain, severe emotional and mental suffering, and medical and legal expenses.

## COUNT I
## § 1983 False Arrest

30. Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

31. As described above, Defendant Officers detained and falsely arrested Mr. Brake unreasonably and without probable cause in violation of his Fourth Amendment right to be free from unreasonable seizure.

32. The misconduct described in this Count was objectively unreasonable, intentional, willful and wanton and was undertaken with malice and deliberate indifference to Mr. Brake's constitutional rights.

33. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment and their employer, City of Chicago, is liable for their actions.

34. As a result of the described misconduct, Mr. Brake suffered damages, including but not limited to, physical and emotional injuries.

**WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff asks that this Honorable**

**Court enter judgment against Defendant Officers and for Plaintiff as to Count I, and award compensatory damages, punitive damages, costs and attorney fees, as well as any other relief deemed just and proper by this Court.**

## COUNT II
### § 1983 Excessive Force

35. Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

36. Mr. Brake had not committed any crime when Defendant Officers rushed and tackled him.

37. Mr. Brake did not resist or obstruct Defendant Officers when he was being arrested without probable cause on a minor offense.

38. Mr. Brake did not harm or threaten to harm Defendant Officers or anyone else.

39. During the course of the arrest described above, Defendant Officers struck Mr. Brake repeatedly on the head and face.

40. Mr. Brake was immobile due to Defendant Officers being on top of him, then Defendant Officers electrically shocked Mr. Brake with a Chicago Police Department issued stun-gun.

41. While Mr. Brake was immobile due to the effects of the stun gun, Defendant Officers deployed pepper spray towards Mr. Brake.

42. This misconduct described in this Count was undertaken as a matter of policy and practice, and/or custom, of the Chicago Police Department which directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests

deliberate indifference; in that:

      a.     As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Mr. Brake; specifically, Chicago Police officers accused of excessive force can be confident that the Office of Professional Standards, or the Independent Police Review Authority, will not investigate those accusations in earnest and will refuse to recommend discipline even where the officer has engaged in excessive force;

      b.     Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Mr. Brake in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

      c.     Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

      d.     The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

      e.     As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of excessive force against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a police officer's career;

      f.     As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint.

      g.     As a matter of express policy, the City of Chicago refuses to accept sworn and notarized statements and/or depositions taken under oath as affirmation of a complainant's claim, thereby excusing legitimate claims by policy;

      h.     the City of Chicago is deliberately indifferent to the known and/or obvious need for training regarding the use of stun guns, the inadequacy of the training, and the obvious likelihood of resulting violations of constitutional rights, so as to constitute a policy of failing to properly train.

     43.     As a result of the wrongful actions by Defendant Officers, Mr. Brake suffered, among other injuries, burns to his chest and bruising, as a direct result of the injuries.

44.     The force used by Defendant Officers against Mr. Brake was objectively unreasonable and unnecessary, subjecting Mr. Brake to excessive force in violation of the Fourth Amendment.

45.     Defendant Officers had no legal cause or justification for the level of force they used against Mr. Brake.

46.     The misconduct described in this Count was objectively unreasonable, willful and wantonly, intentional, and undertaken with deliberate indifference to Mr. Brake's constitutional rights.

47.     The misconduct by Defendant Officers, intentionally or with deliberate indifference and callous disregard of Mr. Brake's rights, deprived Mr. Brake the right to be free from unreasonable search and seizures.

48.     The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment and their employer, City of Chicago, is liable for their actions.

49.     As a direct and proximate result of Defendant Officers' misconduct, Mr. Brake suffered damages, including but not limited to, physical, emotional and financial injuries, as a consequence of which he has endured pain and suffering.

**WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff asks that this Honorable Court enter judgment against Defendant Officers and for Plaintiff as to Count II, and award compensatory damages, punitive damages, costs and attorney fees, as well as any other relief deemed just and proper by this Court.**

### COUNT III
### § 1983 Failure to Intervene

50. Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

51. During the constitutional violations described above, one or more Defendant Officers stood by without intervening to prevent the misconduct of their fellow officers.

52. These Defendant Officers knew, or had reason to know, that excessive force was being used against Mr. Brake.

53. These Defendant Officers had reasonable opportunity to prevent harm to Mr. Brake but failed to do so.

54. By means of their silence, acquiescence to, consent to, and/or failure to physically intervene in the misconduct described, these Defendant Officers intentionally or with deliberate indifference and callous disregard of Mr. Brake's rights, infringed the rights of Mr. Brake.

55. As a result of Defendant Officers' failure to intervene to prevent violations of Mr. Brake's constitutional rights, Mr. Brake suffered pain and injury, as well as emotional distress.

56. The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment and their employer, City of Chicago, is liable for their actions.

57. As a direct and proximate result of Defendant Officers' misconduct, Mr. Brake suffered damages, including but not limited to, physical, emotional and financial injuries, as a consequence of which he has endured pain and suffering.

**WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff asks that this Honorable Court enter judgment against Defendant Officers and for Plaintiff as to Count III, and award compensatory damages, punitive damages, costs and attorney fees, as well as any other relief deemed just and proper by this Court.**

## COUNT IV
### Denial of Medical Attention

58.     Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

59.     Defendant Officers ignored Mr. Brake's need for medical attention.

60.     Defendant Officers had reasonable opportunity to obtain medical attention for Mr. Brake.

61.     Mr. Brake's need for medical treatment was objectively and readily apparent.

62.     Defendant Officers' failure to provide objectively necessary medical attention to Mr. Brake was objectively unreasonable, undertaken intentionally, and with deliberate indifference and callous disregard of Mr. Brake's rights.

63.     As a result of Defendant Officers' misconduct and deliberate indifference, Mr. Brake suffered additional damages, including but not limited to, pain and suffering, and emotional distress.

64.     The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment and their employer, City of Chicago, is liable for their actions.

**WHEREFORE, Plaintiff asks that this Honorable Court enter judgment against Defendants and for Plaintiff as to Count IV, and award compensatory damages, punitive damages, costs and attorney fees, as well as any other relief deemed just and proper by this Court.**

### COUNT V - Pendant State Law Claim:
### Malicious Prosecution

65.     Each of the previous paragraphs of this Complaint is incorporated as if fully

restated in this Count.

66.　As described above, Mr. Brake was arrested without probable cause and improperly subjected to judicial proceedings. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Mr. Brake's favor in a manner indicative of innocence.

67.　Defendant Officers accused Mr. Brake of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

68.　Defendant Officers wrote false and misleading police reports with knowledge that they were false and misleading and with the intent of exerting influence to institute criminal proceedings.

69.　Defendant Officers knew their false reports would be relied upon by superior officers and Assistant State's Attorneys to evaluate charges against Mr. Brake.

70.　Based upon the misconduct of Defendant Officers and the false reports, Mr. Brake was criminally charged in case number 06 MC 154800.

71.　The misconduct described in this Count was undertaken intentionally, wilfully and wantonly, with deliberate indifference to the rights of Mr. Brake.

72.　On November 15, 2006, case number 06 MC 154800 was disposed of in favor of Mr. Brake.

73.　As a result of the above-described wrongful infringement of Mr. Brake's rights, he has suffered physical, financial and other damages, including but not limited to emotional stress.

74.　The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that the employer, City of Chicago, is liable for their

actions.

**WHEREFORE, Plaintiff asks that this Honorable Court enter judgment against Defendant Officers and for Plaintiff as to Count V, and award compensatory damages, punitive damages, costs and attorney fees, as well as any other relief deemed just and proper by this Court.**

## COUNT VI
### Respondeat Superior

75. Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

76. At all relevant times, Defendant Officers were members and employees of the City of Chicago Police Department acting within the scope and authority of their employment.

77. The misconduct described was undertaken, intentionally, wilfully and wantonly by Defendant Officers and said misconduct was the direct and proximate cause of Mr. Brake's injuries.

78. Defendant City of Chicago, as principal, is liable for the actions of its agents under the doctrine of respondeat superior.

**WHEREFORE, Plaintiff asks that this Honorable Court enter judgment against Defendant City of Chicago as to Count VI, and award compensatory damages, costs and attorney fees, as well as any other relief deemed just and proper by this Court.**

## COUNT VII
### Indemnification

79. Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

80. Pursuant to 745 ILCS 10/9-102, the City of Chicago, as a public entity, is directed

to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

81.     At all relevant times, Defendant Officers were employees of the City of Chicago acting within the scope of their employment.

**WHEREFORE, Plaintiff asks that this Honorable Court enter judgment against Defendant City of Chicago as to Count VII, and award compensatory damages, costs and attorney fees, as well as any other relief deemed just and proper by this Court.**

### JURY DEMAND

Plaintiff, Nicholas Brake, requests a trial by jury.

Respectfully Submitted,

/s/Marcelle M. LeCompte
MARCELLE M. LeCOMPTE
Attorney for Plaintiff

Suite 310
820 West Jackson Blvd.
Chicago, Illinois 60607
(773) 348-3084
Att.No: 06225428

Dated: November 14, 2007.