## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS BRAKE, | ) | |
| | ) | **No. 07 C 6465** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JUDGE GOTTSCHALL** |
| | ) | |
| CHICAGO POLICE OFFICER ALGHINI, | ) | |
| Star No. 14603, CHICAGO POLICE OFFICER | ) | **Magistrate Judge Cox** |
| RAYMUNDO ZARAGOZA, Star No. 11637, | ) | |
| POLICE LIEUTENANT ROBERT FLYNN, | ) | |
| Star No. 232, and certain UNKNOWN Chicago | ) | |
| Police Officers, Individually, and THE CITY | ) | **JURY DEMAND** |
| OF CHICAGO, a municipal corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES
## AND JURY DEMAND TO PLAINTIFF'S COMPLAINT

Defendant City of Chicago ("City"), by Mara S. Georges, Corporation Counsel for the

City of Chicago, answers the Complaint and states:

### JURISDICTION AND VENUE

1.    This action is brought pursuant to the United States Constitution and the
Civil Rights Act, specifically 42 U.S.C. §§1983 and 1988, and the laws of the State of
Illinois, to redress deprivations of the civil rights of Mr. Brake by the acts and/or omissions
of Defendant Officers committed under color of law.

**ANSWER:**    The City admits that this action purports to be brought pursuant to 42

U.S.C. §§1983 and 1988 of the Civil Rights Act to redress alleged deprivations of the civil rights

of Plaintiff by the alleged acts and/or omissions of the Defendant Officers.  The City further

admits that this action purports to be brought pursuant to the laws of the State of Illinois.  The

City denies that the United States Constitution provides Plaintiff with a direct cause of action,

and that the laws of the State of Illinois provide Plaintiff with a cause of action to redress alleged

deprivations of his civil rights.  The City is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations contained in this paragraph.

**2.**     **This Court has jurisdiction under Title 28 U.S.C. §§ [sic] 1331.**

**ANSWER:**     The City admits the allegations contained in this paragraph.

**3.**     **The Court has supplementary jurisdiction over the substantially related state claim under 28 U.S.C. 1367 (a).**

**ANSWER:**     The City admits the allegations contained in this paragraph.

**4.**     **Venue is appropriate pursuant to 28 U.S.C. § 1391 as all of the complained of acts occurred within the Northern District of Illinois.**

**ANSWER:**     The City admits the allegations contained in this paragraph.

## PARTIES

**5.**     **Mr. Brake is a twenty-four year old citizen of the United States who lives in Haslett, Michigan.**

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

**6.**     **Defendants, Alghini, Raymundo Zaragoza, Robert Flynn, and Unknown Chicago police officers ("Defendant Officers") are Chicago police officers employed by the City of Chicago Police Department, and are agents of the City of Chicago, who were, at all times relevant to this complaint, on duty, acting within the scope of their employment and under color of state law.  Defendant Officers are being sued in their individual capacities.**

**ANSWER:**     The City admits that Defendants Alghini, Zaragoza, and Flynn are Chicago

police officers employed by the City of Chicago Police Department who were, upon information

and belief, at the time of the incident alleged in the complaint, on duty, acting within the scope of

their employment and under color of state law.  The City further admits that the Defendant

Officers are, according to Plaintiff's complaint, being sued in their individual capacities.  The

City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

**7.      The City of Chicago is a municipal corporation organized under the laws of the State of Illinois and, at all relevant times, was the employer of Defendant Officers.**

<u>**ANSWER:**</u>      The City admits that is a municipal corporation organized under the laws of the State of Illinois and, at the time of the incident alleged in the complaint, was the employer of Defendant Officers Alghini, Zaragoza, and Flynn.   The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## BACKGROUND FACTS

**8.      On or about July 27, 2006, around 12:30 a.m., Mr. Brake was at or near 16 West Division Street in Chicago, Illinois, with several friends.**

<u>**ANSWER:**</u>      The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**9.      After a verbal dispute with other patrons of a bar occurred, Mr. Brake's cousin was placed under arrest by Defendant Officers.**

<u>**ANSWER:**</u>      The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**10.      While Mr. Brake's cousin was being arrested, Mr. Brake unsuccessfully attempted to talk with Defendant Officers about his cousins [sic] arrest.**

<u>**ANSWER:**</u>      The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**11.      Mr. Brake yelled at Defendant Officers from at or about fifty feet away and then turned and began to walk away from the location.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**12.    Mr. Brake was not engaged in any criminal conduct.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**13.    Defendant Officers did not have an arrest warrant for Mr. Brake.**

**ANSWER:**    The City admits that, upon information and belief, the Defendant Officers did not have an arrest warrant for Plaintiff.

**14.    Defendant Officers did not have signed complaints against Mr. Brake.**

**ANSWER:**    The City denies the allegations contained in this paragraph.

**15.    Defendant Officers, without cause, sprinted directly at Mr. Brake.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**16.    Mr. Brake, in fear of being physically battered, took several steps away from Defendant Officers then tripped on a curb and fell to the ground.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**17.    After falling, Mr. Brake turned to a seated position on the ground where Defendant Officers then tackled him, punching him about the head and face.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**18.    Defendant Officers then shot Mr, Brake in the chest with a TASER stun gun.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

**19.    Defendant Officers then deployed pepper spray at Mr, Brake.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as
to the truth of the allegations contained in this paragraph.

**20.    Defendant Officers then arrested Mr. Brake without any legal justification.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as
to the truth of the allegations contained in this paragraph.

**21.    Mr. Brake, did not, at any relevant time, disobey, resist or otherwise obstruct
Defendant Officers.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as
to the truth of the allegations contained in this paragraph.

**22.    Other Defendant Officers, observed unjustified force being used against Mr.
Brake and failed to stop, intervene, or in any way prevent, the injuries to Mr. Brake.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as
to the truth of the allegations contained in this paragraph.

**23.    As a result of Defendant Officers' misconduct, Mr. Brake suffered, among
other physical injuries, burns and bruising.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as
to the truth of the allegations contained in this paragraph.

**24.    Defendant Officers falsely charged Mr. Brake with battery, disorderly
conduct and resisting arrest in an attempt to exculpate themselves from their unjustified
use of force against Mr. Brake.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as
to the truth of the allegations contained in this paragraph.

25.    **Defendant Officers falsified written police reports and fabricated evidence to bolster their account of Mr. Brake's arrest, hide their misconduct, and to commence and continue criminal charges against him.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

26.    **Based upon the false allegations by Defendant Officers, Mr. Brake was criminally charged in case number 06 MC 154800.**

**ANSWER:**    The City, upon information and belief, denies that Mr. Brake was criminally charged in case number 06 MC 154800.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

27.    **As a result, Mr. Brake had to retain an attorney, travel to Chicago and appear in court.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

28.    **On November 15, 2006, all charges against Mr. Brake were dismissed.**

**ANSWER:**    The City, upon information and belief, admits the allegations contained in this paragraph.

29.    **Mr. Brake has suffered damages because of the misconduct of Defendant Officers that include, but are not limited to, physical pain, severe emotional and mental suffering, and medical and legal expenses.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## COUNT I
## § 1983 False Arrest

**30.     Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.**

**ANSWER:**     The City's answers to paragraphs 1-29 in response to the allegations in

Plaintiff's complaint are incorporated herein as its answer to paragraph 30.

**31.     As described above, Defendant Officers detained and falsely arrested Mr. Brake unreasonably and without probable cause in violation of his Fourth Amendment right to be free from unreasonable seizure.**

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

**32.     The misconduct described in this Count was objectively unreasonable, intentional, willful and wanton and was undertaken with malice and deliberate indifference to Mr. Brake's constitutional rights.**

**ANSWER:**     The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

**33.     The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment and their employer, City of Chicago, is liable for their actions.**

**ANSWER:**     The City admits, upon information and belief, that Defendant Officers

Alghini, Zaragoza, and Flynn were, at the time of the incident alleged in the complaint, acting

within the scope of their employment.  The City denies that Plaintiff has accurately stated the

City's liability under 42 U.S.C. §1983, if any.  The City is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

**34.     As a result of the described misconduct, Mr. Brake suffered damages, including but not limited to, physical and emotional injuries.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## COUNT II
### § 1983 Excessive Force

**35.    Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.**

**ANSWER:**    The City's answers to paragraphs 1-34 in response to the allegations in Plaintiff's complaint are incorporated herein as its answer to paragraph 35.

**36.    Mr. Brake had not committed any crime when Defendant Officers rushed and tackled him.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**37.    Mr. Brake did not resist or obstruct Defendant Officers when he was being arrested without probable cause on a minor offense.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**38.    Mr. Brake did not harm or threaten to harm Defendant Officers or anyone else.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**39.    During the course of the arrest described above, Defendant Officers struck Mr. Brake repeatedly on the head and face.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**40.    Mr. Brake was immobile due to Defendant Officers being on top of him, then**

Defendant Officers electrically shocked Mr. Brake with a Chicago Police Department issued stun-gun.

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

41.    **While Mr. Brake was immobile due to the effects of the stun gun, Defendant Officers deployed pepper spray towards Mr. Brake.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

42.    **This misconduct described in this Count was undertaken as a matter of policy and practice, and/or custom, of the Chicago Police Department which directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference, in that:**

a.    **As a matter of both policy and practice, the Chicago Police Department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Mr. Brake; specifically, Chicago Police officers accused of excessive force can be confident that the Office of Professional Standards, or the Independent Police Review Authority, will not investigate those accusations in earnest and will refuse to recommend discipline even where the officer has engaged in excessive force;**

b.    **Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Mr. Brake in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;**

c.    **Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;**

d.    **The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby**

causing the types of injuries alleged here;

e.      As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of excessive force against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a police officer's career;

f.      As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint;

g.      As a matter of express policy, the City of Chicago refuses to accept sworn and notarized statements and/or depositions taken under oath as affirmation of a complainant's claim, thereby excusing legitimate claims by policy;

h.      the City of Chicago is deliberately indifferent to the known and/or obvious need for training regarding the use of stun guns, the inadequacy of the training, and the obvious likelihood of resulting violations of constitutional rights, so as to constitute a policy of failing to properly train.

**ANSWER:**      The City denies the allegations contained in paragraph 42 and its

subparagraphs.

43.      **As a result of the wrongful actions by Defendant Officers, Mr. Brake suffered, among other injuries, burns to his chest and bruising, as a direct result of the injuries.**

**ANSWER:**      The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

44.      **The force used by Defendant Officers against Mr. Brake was objectively unreasonable and unnecessary, subjecting Mr. Brake to excessive force in violation of the Fourth Amendment.**

**ANSWER:**      The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

45.      **Defendant Officers had no legal cause or justification for the level of force they used against Mr. Brake.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**46.    The misconduct described in this Count was objectively unreasonable, willful and wantonly, intentional, and undertaken with deliberate indifference to Mr. Brake's constitutional rights.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**47.    The misconduct by Defendant Officers, intentionally or with deliberate indifference and callous disregard of Mr. Brake's rights, deprived Mr. Brake the right to be free from unreasonable search and seizures.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**48.    The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment and their employer, City of Chicago, is liable for their actions.**

**ANSWER:**    The City admits, upon information and belief, that Defendant Officers Alghini, Zaragoza, and Flynn were, at the time of the incident alleged in the complaint, acting within the scope of their employment.  The City denies that Plaintiff has accurately stated the City's liability under 42 U.S.C. §1983, if any.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

**49.    As a direct and proximate result of Defendant Officers' misconduct, Mr. Brake suffered damages, including but not limited to, physical, emotional and financial injuries, as a consequence of which he has endured pain and suffering.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

## COUNT III
### § 1983 Failure to Intervene

**50.    Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.**

**ANSWER:**    The City's answers to paragraphs 1-49 in response to the allegations in

Plaintiff's complaint are incorporated herein as its answer to paragraph 50.

**51.    During the constitutional violations described above, one or more Defendant Officers stood by without intervening to prevent the misconduct of their fellow officers.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

**52.    These Defendant Officers knew, or had reason to know, that excessive force was being used against Mr. Brake.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

**53.    These Defendant Officers had reasonable opportunity to prevent harm to Mr. Brake but failed to do so.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

**54.    By means of their silence, acquiescence to, consent to, and/or failure to physically intervene in the misconduct described, these Defendant Officers intentionally or with deliberate indifference and callous disregard of Mr. Brake's rights, infringed [sic] the rights of Mr. Brake.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

**55.    As a result of Defendant Officers' failure to intervene to prevent violations of Mr. Brake's constitutional rights, Mr. Brake suffered pain and injury, as well as emotional distress.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**56.    The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment and their employer, City of Chicago, is liable for their actions.**

**ANSWER:**    The City admits, upon information and belief, that Defendant Officers Alghini, Zaragoza, and Flynn were, at the time of the incident alleged in the complaint, acting within the scope of their employment.  The City denies that Plaintiff has accurately stated the City's liability under 42 U.S.C. §1983, if any.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

**57.    As a direct and proximate result of Defendant Officers' misconduct, Mr. Brake suffered damages, including but not limited to, physical, emotional and financial injuries, as a consequence of which he has endured pain and suffering.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**COUNT IV**
**Denial of Medical Attention**

**58.    Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.**

**ANSWER:**    The City's answers to paragraphs 1-57 in response to the allegations in Plaintiff's complaint are incorporated herein as its answer to paragraph 58.

**59.    Defendant Officers ignored Mr. Brake's need for medical attention.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

-13-

**60.    Defendant Officers had reasonable opportunity to obtain medical attention for Mr. Brake.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**61.    Mr. Brake's need for medical treatment was objectively and readily apparent.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**62.    Defendant Officers' failure to provide objectively necessary medical attention to Mr. Brake was objectively unreasonable, undertaken intentionally, and with deliberate indifference and callous disregard of Mr. Brake's rights.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**63.    As a result of Defendant Officers' misconduct and deliberate indifference, Mr. Brake suffered additional damages, including but not limited to, pain and suffering, and emotional distress.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**64.    The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment and their employer, City of Chicago, is liable for their actions.**

**ANSWER:**    The City admits, upon information and belief, that Defendant Officers Alghini, Zaragoza, and Flynn were, at the time of the incident alleged in the complaint, within the scope of their employment..  The City denies that Plaintiff has accurately stated the City's liability, if any.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

## COUNT V - Pendant State Law Claim:
## Malicious Prosecution

**65.    Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.**

**ANSWER:**    The City's answers to paragraphs 1-64 in response to the allegations in

Plaintiff's complaint are incorporated herein as its answer to paragraph 65.

**66.    As described above, Mr. Brake was arrested without probable cause and improperly subjected to judicial proceedings.  These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Mr. Brake's favor in a manner indicative of innocence.**

**ANSWER:**    Upon information and belief, the City admits that all charges against

Plaintiff were dismissed on November 15, 2006.  The City is without knowledge or information

sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

**67.    Defendant Officers accused Mr. Brake of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

**68.    Defendant Officers wrote false and misleading police reports with knowledge that they were false and misleading and with the intent of exerting influence to institute criminal proceedings.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

**69.    Defendant Officers knew their false reports would be relied upon by superior officers and Assistant State's Attorneys to evaluate charges against Mr. Brake.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

**70.    Based upon the misconduct of Defendant Officers and the false reports, Mr. Brake was criminally charged in case number 06 MC 154800.**

**ANSWER:**    Upon information and belief, the City denies that Plaintiff was criminally charged in case number 06 MC 154800.  The City is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph.

**71.    The misconduct described in this Count was undertaken intentionally, wilfully and wantonly, with deliberate indifference to the rights of Mr. Brake.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**72.    On November 15, 2006, case number 06 MC 154800 was disposed of in favor of Mr. Brake.**

**ANSWER:**    Upon information and belief, the City admits that on November 15, 2006, all criminal charges against Plaintiff were dismissed.  The City denies that Plaintiff was criminally charged in case number 06 MC 154800.

**73.    As a result of the above-described wrongful infringement of Mr. Brake's rights, he has suffered physical, financial and other damages, including but not limited to emotional stress.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph.

**74.    The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that the employer, City of Chicago, is liable for their actions**

**ANSWER:**    The City admits, upon information and belief, that Defendant Officers Alghini, Zaragoza, and Flynn were, at the time of the incident alleged in the complaint, within the scope of their employment..  The City denies that Plaintiff has accurately stated the City's

liability, if any.  The City is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations contained in this paragraph.

## COUNT VI
### Respondeat Superior

**75.    Each of the previous paragraphs of this Complaint is incorporated as if fully
restated in this Count.**

**ANSWER:**    The City's answers to paragraphs 1-74 in response to the allegations in

Plaintiff's complaint are incorporated herein as its answer to paragraph 75.

**76.    At all relevant times, Defendant Officers were members and employees of the
City of Chicago Police Department acting within the scope and authority of their
employment.**

**ANSWER:**    The City admits that Defendant Officers Alghini, Zaragoza, and Flynn

were Chicago police officers employed by the City of Chicago Police Department who, upon

information and belief, were, at the time of the incident alleged in the complaint, acting within

the scope of their employment.  The City is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations contained in this paragraph.

**77.    The misconduct described was undertaken, intentionally, wilfully and
wantonly by Defendant Officers and said misconduct was the direct and proximate cause of
Mr. Brake's injuries.**

**ANSWER:**    The City is without knowledge or information sufficient to form a belief as

to the truth of the allegations contained in this paragraph.

**78.    Defendant City of Chicago, as principal, is liable for the actions of its agents
under the doctrine of respondeat superior.**

**ANSWER:**    The City denies that Plaintiff has accurately stated the City's liability

under the doctrine of respondeat superior under Illinois law, if any, and therefore, the City denies

-17-

the allegations contained in this paragraph.

**COUNT VII**
**Indemnification**

**79.    Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.**

**ANSWER:**    The City's answers to paragraphs 1-78 in response to the allegations in

Plaintiff's complaint are incorporated herein as its answer to paragraph 79.

**80.    Pursuant to 745ILCS 10/9-102, the City of Chicago, as a public entity, is directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.**

**ANSWER:**    The City admits the allegations contained in this paragraph.

**81.    At all relevant times, Defendant Officers were employees of the City of Chicago acting within the scope of their employment.**

**ANSWER:**    The City admits that Defendant Officers Alghini, Zaragoza, and Flynn

were Chicago police officers employed by the City of Chicago Police Department who, upon

information and belief, were, at the time of the incident alleged in the complaint, acting within

the scope of their employment.  The City is without knowledge or information sufficient to form

a belief as to the truth of the remaining allegations contained in this paragraph.

WHEREFORE, Defendant City of Chicago prays that this Court enter judgment in its

favor on Plaintiff's complaint, award Defendant City of Chicago such costs and fees as allowed

by law, and grant such further relief as this Court deems just and proper.

**AFFIRMATIVE DEFENSES**

1.    The City is not liable to Plaintiff if its employees or agents are not liable to

Plaintiff.  745 ILCS 10/2-109 (2006).

-18-

2.     To the extent any employee or agent of the City was acting within the scope of his or her employment, that employee or agent is not liable for his or her acts or omissions in the execution or enforcement of the law, unless such act or omission constitutes willful and wanton conduct.  745 ILCS 10/2-202 (2006).

3.     The City is not liable for any injury caused by the act or omission of another person.  745 ILCS 10/2-204 (2006).

4.     The City is not liable for injury proximately caused by the failure of an employee to take reasonable action to furnish or obtain medical care.  745 ILCS 10/4-105 (2006).

5.     To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case.  See Poole v. City of Rolling Meadows, 167 Ill. 2d 41, 656 N.E. 2d 768, 212 Ill. Dec. 171 (1995).

6.     To the extent that Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

## JURY DEMAND

Defendant City of Chicago respectfully requests a trial by jury.

Respectfully submitted,


MARA S. GEORGES
Corporation Counsel
City of Chicago


By:     /s/ Thomas J. Aumann
        THOMAS J. AUMANN
        Assistant Corporation Counsel

City of Chicago, Department of Law
30 North LaSalle Street
Suite 1020
Chicago, Illinois  60602
(312) 744-1566 (Phone)
(312) 744-3989 (Fax)
Attorney No. 06282455

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| NICHOLAS BRAKE, | ) | |
| | ) | **No. 07 C 6465** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JUDGE GOTTSCHALL** |
| | ) | |
| CHICAGO POLICE OFFICER ALGHINI, | ) | |
| Star No. 14603, CHICAGO POLICE OFFICER | ) | **Magistrate Judge Cox** |
| RAYMUNDO ZARAGOZA, Star No. 11637, | ) | |
| POLICE LIEUTENANT ROBERT FLYNN, | ) | |
| Star No. 232, and certain UNKNOWN Chicago | ) | |
| Police Officers, Individually, and THE CITY | ) | **JURY DEMAND** |
| OF CHICAGO, a municipal corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF FILING AND CERTIFICATE OF SERVICE

TO:     Marcelle M. LeCompte
        820 West Jackson Boulevard
        Suite 310
        Chicago, Illinois  60607

**PLEASE TAKE NOTICE** that on this <u>5th</u> day of February, 2008, I have caused to be e-filed with the Clerk of the United States District Court for the Northern District of Illinois, Eastern Division, **DEFENDANT CITY OF CHICAGO'S ANSWER, DEFENSES AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**, a copy of which is herewith served upon you.

I hereby certify that I have served this notice and the attached document  by causing it to be delivered via U.S. mail to the person named above at the address shown this <u>5th</u> day of February, 2008.

Respectfully submitted,


MARA S. GEORGES
Corporation Counsel
City of Chicago


By:     <u>/s/ Thomas J. Aumann</u>
        THOMAS J. AUMANN
        Assistant Corporation Counsel

City of Chicago, Department of Law
30 North LaSalle Street
Suite 1020
Chicago, Illinois  60602
(312) 744-1566 (Phone)
(312) 744-3989 (Fax)
Attorney No. 06282455