**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| NICHOLAS BRAKE | ) | |
| | ) | |
| Plaintiff, | ) | 07 C 6465 |
| | ) | |
| v. | ) | Judge Gottschall |
| | ) | |
| CHICAGO POLICE OFFICER ALGHINI, | ) | Magistrate Judge Cox |
| Star No. 14603, CHICAGO POLICE OFFICER | ) | |
| RAYMUNDO ZARAGOZA, Star No. 11637, | ) | |
| POLICE LIEUTENANT ROBERT FLYNN, | ) | |
| Star No. 232, and certain UNKNOWN Chicago | ) | |
| Police Officers, Individually, and THE CITY OF | ) | |
| CHICAGO, a municipal corporation | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' ANSWER, DEFENSES,
AND JURY DEMAND TO PLAINTIFF'S COMPLAINT**

Defendants, Police Officers Richard Alghini, Raymundo Zaragoza, and Lieutenant

Robert Flynn (collectively, the "Defendant Officers"), by and through their attorney, Marc J.

Boxerman, Senior Counsel, state for their Answers and Defenses to Plaintiff's Complaint as

follows:

**JURISDICTION AND VENUE**

1.      This action is brought pursuant to the United States Constitution and the Civil

Rights Act, specifically 42 U.S.C. §§ 1983 and 1988, and the laws of the State of Illinois, to

redress deprivations of the civil rights of Mr. Brake by the acts and/or omissions of Defendant

Officers committed under color of law.

**ANSWER:**        Defendant Officers admit that this action purports to be brought

pursuant to 24 U.S.C. §§ 1983 and 1988 of the Civil Rights Act to redress alleged deprivations

of the civil rights of Plaintiff by the alleged acts and/or omissions of the Defendant Officers.

Defendant Officers further admit that this action purports to be brought pursuant to the laws of

the State of Illinois.  Defendant Officers deny that the United States Constitution provides

Plaintiff with a direct cause of action, and that the laws of the State of Illinois provide Plaintiff

with a cause of action to redress alleged deprivations of his civil rights.

2.    This Court has jurisdiction under Title 28 U.S.C. §§ 1331.

**ANSWER:**    Defendant Officers admit the allegations contained in Paragraph 2.

3.    This court has supplemental jurisdiction over the substantially related state claim under 28 U.S.C. 1367(a).

**ANSWER:**    Defendant Officers admit the allegations contained in Paragraph 3.

4.    Venue is appropriate pursuant to 28 U.S.C. § 1391 as all of the complained of acts occurred within the Northern District of Illinois.

**ANSWER:**    Defendant Officers admit the allegations contained in Paragraph 4.

## PARTIES

5.    Mr. Brake is a twenty-four year old citizen of the United States who lives in Haslett, Michigan.

**ANSWER:**    Defendant Officers admit that Mr. Brake is twenty-four years old.

Defendant Officers are without knowledge or information sufficient to form a belief as to the

truth of the remaining allegations contained in Paragraph 5.

6.    Defendants, Alghini, Raymundo Zaragoza, Robert Flynn, and Unknown Chicago police officers ("Defendant Officers") are Chicago police officers employed by the City of Chicago Police Department, and are agents of the City of Chicago, who were, at all times relevant to this complaint, on duty, acting within the scope of their employment and under color of state law.  Defendant Officers are being sued in their individual capacities.

**ANSWER:**    Defendant Officers admit that Officers Alghini and Zaragoza and

Lieutenant Flynn are Chicago police officers employed by the City of Chicago Police

Department, and are agents of the City of Chicago, who were, at all times relevant to this

complaint, on duty, acting within the scope of their employment and under color of state law.

2

Defendant Officers further admit that the complaint purports that they are being sued in their individual capacities. Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 6.

7.    The City of Chicago is a municipal corporation organized under the laws of the State of Illinois and, at all relevant times, was the employer of Defendant Officers.

**ANSWER:**    Defendant Officers admit the allegations contained in Paragraph 7.

### BACKGROUND FACTS

8.    On or about July 27, 2006, around 12:30 a.m., Mr. Brake was at or near 16 West Division Street in Chicago, Illinois, with several friends.

**ANSWER:**    Officers Alghini and Zaragoza admit that Mr. Brake was at or near 16 West Division Street in Chicago, Illinois, on or about July 27, 2006, at or around 12:30 a.m., but are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 8. Lieutenant Flynn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 8.

9.    After a verbal dispute with other patrons of a bar occurred, Mr. Brake's cousin was placed under arrest by Defendant Officers.

**ANSWER:**    Officers Alghini and Zaragoza admit the allegations contained in Paragraph 9. Lieutenant Flynn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 9.

10.    While Mr. Brake's cousin was being arrested, Mr. Brake unsuccessfully attempted to talk with Defendant Officers about his cousins [sic] arrest.

**ANSWER:**    Officers Alghini and Zaragoza deny the allegations contained in Paragraph 10. Lieutenant Flynn is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10.

11.    Mr. Brake yelled at Defendant Officers from at or about fifty feet away and then

3

turned and began to walk away from the location.

**ANSWER:**        Officers Alghini and Zaragoza admit the allegations contained in

Paragraph 11.  Lieutenant Flynn is without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 11.

12.      Mr. Brake was not engaged in any criminal conduct.

**ANSWER:**        Defendant Officers deny the allegations contained in Paragraph 12.

13.      Defendant Officers did not have an arrest warrant for Mr. Brake.

**ANSWER:**        Defendant Officers admit the allegations contained in Paragraph 13.

14.      Defendant Officers did not have signed complaints against Mr. Brake.

**ANSWER:**        Defendant Officers admit that at the time they arrested Mr. Brake they

did not have signed complaints against him.

15.      Defendant Officers, without cause, sprinted directly at Mr. Brake.

**ANSWER:**        Defendant Officers deny the allegations contained in Paragraph 15.

16.      Mr. Brake, in fear of being physically battered, took several steps away from
Defendant Officers then tripped on a curb and fell to the ground.

**ANSWER:**        Defendant Officers admit that at some point as Mr. Brake moved away

from the Defendant Officers he tripped and fell to the ground.  Defendant Officers are without

knowledge or information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 16.

17.      After falling, Mr. Brake turned to a seated position on the ground where
Defendant Officers then tackled him, punching him about the head and face.

**ANSWER:**        Defendant Officers deny the allegations contained in Paragraph 17.

18.      Defendant Officers then shot Mr. Brake in the chest with a TASER stun gun.

**ANSWER:**        Defendant Officers admit that a police officer shot Mr. Brake with a

TASER stun gun.  Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 18.

19.    Defendant Officers then deployed pepper spray at Mr. Brake.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 19.

20.    Defendant Officers then arrested Mr. Brake without any legal justification.

**ANSWER:**    Defendant Officers admit they arrested Mr. Brake.  Defendant Officers deny the remaining allegations contained in Paragraph 20.

21.    Mr. Brake, did not, at any relevant time, disobey, resist or otherwise obstruct Defendant Officers.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 21.

22.    Other Defendant Officers, observed unjustified force being used against Mr. Brake and failed to stop, intervene, or in any way prevent, the injuries to Mr. Brake.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 22.

23.    As a result of Defendant Officers' misconduct, Mr. Brake suffered, among other physical injuries, burns and bruising.

**ANSWER:**    Defendant Officers deny committing any misconduct.  Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 23.

24.    Defendant Officers falsely charged Mr. Brake with battery, disorderly conduct and resisting arrest in an attempt to exculpate themselves from their unjustified use of force against Mr. Brake.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 24.

25.    Defendant Officers falsified written police reports and fabricated evidence to bolster their account of Mr. Brake's arrest, hide their misconduct, and to commence and continue criminal charges against him.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 25.

26.    Based upon the false allegations by Defendant Officers, Mr. Brake was criminally charged in case number 06 MC 154800.

**ANSWER:**    Defendant Officers admit that Mr. Brake was criminally charged.

Defendant Officers deny the remaining allegations contained in Paragraph 26.

27.    As a result, Mr. Brake had to retain an attorney, travel to Chicago and appear in court.

**ANSWER:**    Defendant Officers admit that Mr. Brake had to appear in court.  Upon

information and belief Defendant Officers admit that Mr. Brake retained an attorney.  Defendant

Officers are without knowledge or information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 27.

28.    On November 15, 2006, all charges against Mr. Brake were dismissed.

**ANSWER:**    Upon information and belief, Defendant Officers admit the allegations

contained in Paragraph 28.

29.    Mr. Brake has suffered damages because of the misconduct of Defendant Officers that include, but are not limited to, physical pain, severe emotional and mental suffering, and medical and legal expenses.

**ANSWER:**    Defendant Officers deny committing any misconduct.  Defendant

Officers are without knowledge and information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 29.

### COUNT I
### § 1983 False Arrest

30.    Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

**ANSWER:**    Defendant Officers restate their answers for Paragraphs 1 through 29 as

their answer to Paragraph 30.

31.    As described above, Defendant Officers detained and falsely arrested Mr. Brake

unreasonably and without probable cause in violation of his Fourth Amendment right to be free from unreasonable seizure.

    **ANSWER:**      Defendant Officers deny the allegations contained in Paragraph 31.

    32.    The misconduct described in this Count was objectively unreasonable, intentional, willful and wanton and was undertaken with malice and deliberate indifference to Mr. Brake's constitutional rights.

    **ANSWER:**      Defendant Officers deny the allegations contained in Paragraph 32.

    33.    The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment and their employer, City of Chicago, is liable for their actions.

    **ANSWER:**      Defendant Officers admit that they were acting within the scope of their

employment at the time of the events alleged in this complaint.  Defendant Officers further admit

that the City of Chicago is their employer.  Defendant Officers deny committing any misconduct

and deny the remaining allegations contained in Paragraph 33.

    34.    As a result of the described misconduct, Mr. Brake suffered damages, including but not limited to, physical and emotional injuries.

    **ANSWER:**      Defendant Officers deny committing any misconduct.  Defendant

Officers are without knowledge and information sufficient to form a belief as to the truth of the

remaining allegations contained in Paragraph 34.

    WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff asks that this Honorable Court enter judgment against Defendant Officers and for Plaintiff as to Count I, and award compensatory damages, punitive damages, costs and attorney fees, as well as any other relief deemed just and proper by this Court.

    **ANSWER:**      Defendant Officers deny Plaintiff is entitled to the relief requested.

### COUNT II
### § 1983 Excessive Force

    35.    Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

**ANSWER:**        Defendant Officers restate their answers for Paragraphs 1 through 34 as their answer to Paragraph 35.

36.    Mr. Brake had not committed any crime when Defendant Officers rushed and tackled him.

**ANSWER:**        Defendant Officers deny the allegations contained in Paragraph 36.

37.    Mr. Brake did not resist or obstruct Defendant Officers when he was being arrested without probable cause on a minor offense.

**ANSWER:**        Defendant Officers deny the allegations contained in Paragraph 37.

38.    Mr. Brake did not harm or threaten to harm Defendant Officers or anyone else.

**ANSWER:**        Defendant Officers deny the allegations contained in Paragraph 38.

39.    During the course of the arrest described above, Defendant Officers struck Mr. Brake repeatedly on the head and face.

**ANSWER:**        Defendant Officers deny the allegations contained in Paragraph 39.

40.    Mr. Brake was immobile due to Defendant Officers [sic] being on top of him, then Defendant Officers electrically shocked Mr. Brake with a Chicago Police Department issued stun-gun.

**ANSWER:**        Defendant Officers admit that at some point a police officer employed a taser issued by the Chicago Police Department against Mr. Brake. Defendant Officers deny the remaining allegations contained in Paragraph 40.

41.    While Mr. Brake was immobile due to the effects of the stun gun, Defendant Officers deployed pepper spray towards Mr. Brake.

**ANSWER:**        Defendant Officers deny the allegations contained in Paragraph 41.

42.    This misconduct described in this Count was undertaken as a matter of policy and practice, and/or custom, of the Chicago Police Department which directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, such that its failure to do so manifests deliberate indifference; in that:

    a.    As a matter of both policy and practice, the Chicago Police Department

facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police officers to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Mr. Brake; specifically, Chicago Police officers accused of excessive force can be confident that the Office of Professional Standards, or the Independent Police Review Authority, will not investigate those accusations in earnest and will refuse to recommend discipline even where the officer has engaged in excessive force;

b.      Generally, as a matter of widespread practice so prevalent as to comprise municipal policy, officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Mr. Brake in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

c.      Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which officers fail to report misconduct committed by other officers, such as the misconduct at issue in this case;

d.      The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

e.      As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of excessive force against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a police officer's career;

f.      As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint.

g.      As a matter of express policy, the City of Chicago refuses to accept sworn and notarized statements and/or depositions taken under oath as affirmation of a complainant's claim, thereby excusing legitimate claims by policy;

h.      the City of Chicago is deliberately indifferent to the known and/or obvious need for training regarding the use of stun guns, the inadequacy of the training, and the obvious likelihood of resulting violations of constitutional rights, so as to constitute a policy of failing to properly train.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 42 and its

subparagraphs.

43.    As a result of the wrongful actions by Defendant Officers, Mr. Brake suffered,

among other injuries, burns to his chest and bruising, as a direct result of the injuries.

**ANSWER:**    Defendant Officers deny committing any wrongful actions or committing

any misconduct.  Defendant Officers are without knowledge or information sufficient to form a

belief as to the truth of the remaining allegations contained in Paragraph 43.

44.    The force used by Defendant Officers against Mr. Brake was objectively
unreasonable and unnecessary, subjecting Mr. Brake to excessive force in violation of the Fourth
Amendment.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 44.

45.    Defendant Officers had no legal cause or justification for the level of force they used
against Mr. Brake.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 45.

46.    The misconduct described in this Count was objectively unreasonable, willful and
wantonly, intentional, and undertaken with deliberate indifference to Mr. Brake's constitutional
rights.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 46.

47.    The misconduct by Defendant Officers, intentionally or with deliberate indifference
and callous disregard of Mr. Brake's rights, deprived Mr. Brake the right to be free from
unreasonable search and seizures.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 47.

48.    The misconduct described in this Count was undertaken by Defendant Officers within
the scope of their employment and their employer, City of Chicago, is liable for their actions.

**ANSWER:**    Defendant Officers admit that they were acting within the scope of their

employment at the time of the events alleged in this complaint.  Defendant Officers further admit that

the City of Chicago is their employer.  Defendant Officers deny committing any misconduct and

deny the remaining allegations contained in Paragraph 48.

49.    As a direct and proximate result of Defendant Officers' misconduct, Mr. Brake
suffered damages, including but not limited to, physical, emotional and financial injuries, as a

10

consequence of which he has endured pain and suffering.

**ANSWER**:    Defendant Officers deny committing any misconduct.  Defendant Officers are

without knowledge and information sufficient to form a belief as to the truth of the remaining allegations

contained in Paragraph 49.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff asks that this Honorable Court enter judgment against Defendant Officers and for Plaintiff as to Count II, and award compensatory damages, punitive damages, costs and attorney fees, as well as any other relief deemed just and proper by this Court.

**ANSWER:**    Defendant Officers deny Plaintiff is entitled to the relief requested.

## COUNT III
### § 1983 Failure to Intervene

50.    Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

**ANSWER:**    Defendant Officers restate their answers for Paragraphs 1 through 49 as their

answer to Paragraph 50.

51.    During the constitutional violations described above, one or more Defendant Officers stood by without intervening to prevent the misconduct of their fellow officers.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 51.

52.    These Defendant Officers knew, or had reason to know, that excessive force was being used against Mr. Brake.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 52.

53.    These Defendant Officers had reasonable opportunity to prevent harm to Mr. Brake but failed to do so.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 53.

54.    By means of their silence, acquiescence to, consent to, and/or failure to physically intervene in the misconduct described, these Defendant Officers intentionally or with deliberate indifference and callous disregard of Mr. Brake's rights, infringed the rights of Mr. Brake.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 54.

55.     As a result of Defendant Officers' failure to intervene to prevent violations of Mr. Brake's constitutional rights, Mr. Brake suffered pain and injury, as well as emotional distress.

**ANSWER:**     Defendant Officers deny that they failed to intervene to prevent violations of Mr. Brake's constitutional rights.  Defendant Officers are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 55.

56.     The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment and their employer, City of Chicago, is liable for their actions.

**ANSWER:**     Defendant Officers admit that they were acting within the scope of their employment at the time of the events alleged in this complaint.  Defendant Officers further admit that the City of Chicago is their employer.  Defendant Officers deny committing any misconduct and deny the remaining allegations contained in Paragraph 56.

57.     As a direct and proximate result of Defendant Officers' misconduct, Mr. Brake suffered damages, including but not limited to, physical, emotional and financial injuries, as a consequence of which he has endured pain and suffering.

**ANSWER**:     Defendant Officers deny committing any misconduct.  Defendant Officers are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 57.

WHEREFORE, pursuant to 42 U.S.C. § 1983, Plaintiff asks that this Honorable Court enter judgment against Defendant Officers and for Plaintiff as to Count III, and award compensatory damages, punitive damages, costs and attorney fees, as well as any other relief deemed just and proper by this Court.

**ANSWER:**     Defendant Officers deny Plaintiff is entitled to the relief requested.

## COUNT IV
### Denial of Medical Attention

58.     Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

**ANSWER:**    Defendant Officers restate their answers for Paragraphs 1 through 57 as their answer to Paragraph 58.

59.    Defendant Officers ignored Mr. Brake's need for medical attention.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 59.

60.    Defendant Officers had reasonable opportunity to obtain medical attention for Mr. Brake.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 60.

61.    Mr. Brake's need for medical treatment was objectively and readily apparent.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 61.

62.    Defendant Officers' failure to provide objectively necessary medical attention to Mr. Brake was objectively unreasonable, undertaken intentionally, and with deliberate indifference and callous disregard of Mr. Brake's rights.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 62.

63.    As a result of Defendant Officers' misconduct and deliberate indifference, Mr. Brake suffered additional damages, including but not limited to, pain and suffering, and emotional distress.

**ANSWER**:    Defendant Officers deny committing any misconduct or deliberate indifference.  Defendant Officers are without knowledge and information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 63.

64.    The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment and their employer, City of Chicago, is liable for their actions.

**ANSWER:**    Defendant Officers admit that they were acting within the scope of their employment at the time of the events alleged in this complaint.  Defendant Officers further admit that the City of Chicago is their employer.  Defendant Officers deny committing any misconduct and deny the remaining allegations contained in Paragraph 64.

WHEREFORE, Plaintiff asks that this Honorable Court enter judgment against Defendants and for Plaintiff as to Count IV, and award compensatory damages, punitive damages, costs and attorney fees, as well as any other relief deemed just and proper by this Court.

**ANSWER:**    Defendant Officers deny Plaintiff is entitled to the relief requested.

## COUNT V - Pendant State Law Claim:
## Malicious Prosecution

65.    Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

**ANSWER:**    Defendant Officers restate their answers for Paragraphs 1 through 64 as

their answer to Paragraph 65.

66.    As described above, Mr. Brake was arrested without probable cause and improperly subjected to judicial proceedings. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Mr. Brake's favor in a manner indicative of innocence.

**ANSWER:**    Defendant Officers admit that the judicial proceedings were terminated in

Mr. Brake's favor but deny they were terminated in a manner indicative of innocence. Defendant

Officers deny the remaining allegations contained in Paragraph 66.

67.    Defendant Officers accused Mr. Brake of criminal activity knowing those accusations to be without probable cause, and they made written and other statements with the intent of exerting influence to institute and continue judicial proceedings.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 67.

68.    Defendant Officers wrote false and misleading police reports with knowledge that they were false and misleading and with the intent of exerting influence to institute criminal proceedings.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 68.

69.    Defendant Officers knew their false reports would be relied upon by superior officers and Assistant State's Attorneys to evaluate charges against Mr. Brake.

**ANSWER:**    Defendant Officers deny the allegations contained in Paragraph 69.

14

70.     Based upon the misconduct of Defendant Officers and the false reports, Mr. Brake was criminally charged in case number 06 MC 154800.

**ANSWER:**     Defendant Officers admit that Mr. Brake was criminally charged.

Defendant Officers deny the remaining allegations contained in Paragraph 70.

71.     The misconduct described in this Count was undertaken intentionally, wilfully and wantonly, with deliberate indifference to the rights of Mr. Brake.

**ANSWER:**     Defendant Officers deny the allegations contained in Paragraph 71.

72.     On November 15, 2006, case number 06 MC 154800 was disposed of in favor of Mr. Brake.

**ANSWER:**     Defendant Officers admit that the criminal case against Mr. Brake was

dismissed on November 15, 2006.  Defendant Officers deny the remaining allegations contained

in Paragraph 72.

73.     As a result of the above-described wrongful infringement of Mr. Brake's rights, he has suffered physical, financial and other damages, including but not limited to emotional stress.

**ANSWER:**     Defendant Officers deny any wrongful infringement of Mr. Brake's rights.

Defendant Officers are without knowledge or information sufficient to form a belief as to the truth

of the remaining allegations contained in Paragraph 73.

74.     The misconduct described in this Count was undertaken by Defendant Officers within the scope of their employment such that the employer, City of Chicago, is liable for their actions.

**ANSWER:**     Defendant Officers admit that they were acting within the scope of their

employment at the time of the events alleged in this complaint.  Defendant Officers further admit

that the City of Chicago is their employer.  Defendant Officers deny committing any misconduct

and deny the remaining allegations contained in Paragraph 74.

WHEREFORE, Plaintiff asks that this Honorable Court enter judgment against Defendant Officers and for Plaintiff as to Count V, and award compensatory damages, punitive damages,

costs and attorney fees, as well as any other relief deemed just and proper by this Court.

**ANSWER:**    Defendant Officers deny Plaintiff is entitled to the relief requested.

## COUNT VI
### Respondeat Superior

75.    Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

**ANSWER:**    Defendant Officers make no answer to Count VI as it is not directed

against them.

76.    At all relevant times, Defendant Officers were members and employees of the City of Chicago Police Department acting within the scope and authority of their employment.

**ANSWER:**    Defendant Officers make no answer to Count VI as it is not directed

against them.

77.    The misconduct described was undertaken, intentionally, wilfully and wantonly by Defendant Officers and said misconduct was the direct and proximate cause of Mr. Brake's injuries.

**ANSWER:**    Defendant Officers make no answer to Count VI as it is not directed

against them.

78.    Defendant City of Chicago, as principal, is liable for the actions of its agents under the doctrine of respondeat superior.

**ANSWER:**    Defendant Officers make no answer to Count VI as it is not directed

against them.

WHEREFORE, Plaintiff asks that this Honorable Court enter judgment against Defendant City of Chicago as to Count VI, and award compensatory damages, costs and attorney fees, as well as any other relief deemed just and proper by this Court.

**ANSWER:**    Defendant Officers make no answer to Count VI as it is not directed

against them.

## COUNT VII
## Indemnification

79.     Each of the previous paragraphs of this Complaint is incorporated as if fully restated in this Count.

**ANSWER:**     Defendant Officers make no answer to Count VII as it is not directed

against them.

80.     Pursuant to 745 ILCS 10/9-102, the City of Chicago, as a public entity, is directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

**ANSWER:**     Defendant Officers make no answer to Count VII as it is not directed

against them.

81.     At all relevant times, Defendant Officers were employees of the City of Chicago acting within the scope of their employment.

**ANSWER:**     Defendant Officers make no answer to Count VII as it is not directed

against them.

WHEREFORE, Plaintiff asks that this Honorable Court enter judgment against Defendant City of Chicago as to Count VII, and award compensatory damages, costs and attorney fees, as well as any other relief deemed just and proper by this Court.

**ANSWER:**     Defendant Officers make no answer to Count VII as it is not directed

against them.

## AFFIRMATIVE DEFENSES

1.     Regarding Plaintiff's state law claims, to the extent any employee or agent of

Defendant City of Chicago was acting within the scope of his or her employment, that employee

or agent is not liable for his or her acts or omissions in the execution or enforcement of the law,

unless such act or omission constitutes willful and wanton conduct.  745 ILCS 10/2-202 (2004).

2.     Regarding Plaintiff's state law claims, Defendant Officers are not liable to pay

attorney's fees as "the law in Illinois clearly is that absent a statute or contractual agreement 'attorney fees and the ordinary expenses and burdens of litigation are not allowable to the successful party.'"  *See Kerns v. Engelke*, 76 Ill.2d 154, 166 (1979) (internal citations omitted).

3.     Regarding Plaintiff's state law claims, Defendant Officers are not liable for injuries arising out of the exercise of discretionary acts.  Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-201.

4.     Defendant Officers are entitled to qualified immunity.  Defendant Officers are government officials, namely police officers, who perform discretionary functions.  At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted Defendant Officers could have believed their actions to be lawful, in light of clearly established law and information that Defendant Officers possessed.  Therefore, Defendant Officers are entitled to qualified immunity as a matter of law.

5.     Plaintiff cannot establish willful and wanton misconduct on the part of Defendant Officers; therefore, to the extent that Plaintiff's claims are based on state law, Defendant Officers are immune from suit.  Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-202.

6.     Regarding Plaintiff's state law claims, Defendant Officers are not liable for any injury caused by the acts or omissions of another person.  Illinois Local Governmental and Governmental Employees Tort Immunity Act, 745 ILCS 10/2-204.

7.     To the extent any of Plaintiff's claims are based on state law and to the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by any wrongful conduct on the part of Plaintiff, any verdict or judgment obtained by Plaintiff based on

any finding of "reckless" willful or wanton behavior, as opposed to "intentional" willful or wanton behavior, must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this case. *See Poole v. City of Rolling Meadows,* 167 Ill.2d 41, 656 N.E.2d 768 (Ill. 1995).

8.    Defendant Officers' use of force was reasonable and justifiable under the circumstances.   A peace office is justified in the use of any force which he reasonably believes to be necessary to effect the arrest and of any force which he reasonably believes to be necessary to defend himself or another from bodily harm while making the arrest.  720 ILCS 5/7-5.

## DEFENSES TO ALL CLAIMS

9.    To the extent Plaintiff failed to mitigate any of his claimed injuries or damages, any verdict or judgment obtained by Plaintiff must be reduced by application of the principle that Plaintiff has a duty to mitigate, commensurate with the degree of failure to mitigate attributed to Plaintiff by the jury in this case.

10.    To the extent any injuries or damages claimed by Plaintiff were proximately caused, in whole or in part, by the negligent, willful, wanton and/or other wrongful conduct on the part of the Plaintiff, any verdict or judgment obtained by Plaintiff must be reduced by application of the principles of comparative fault, by an amount commensurate with the degree of fault attributed to Plaintiff by the jury in this cause.

## **JURY DEMAND**

Defendants Richard Alghini, Raymundo Zaragoza, and Robert Flynn request trial by jury.

Respectfully submitted,


s/ Marc J. Boxerman
MARC J. BOXERMAN
Senior Counsel


Marc J. Boxerman
30 N. La Salle Street, Suite 1400
Chicago, Illinois 60602
(312) 744-7684
(312) 744-6566 (Fax)
mboxerman@cityofchicago.org
Atty. No. 06215790

## <u>CERTIFICATE OF SERVICE</u>

I, Marc J. Boxerman, hereby certify that I have caused a true and correct copy of the above **Notice of Filing** and **Defendants' Answer, Defenses, and Jury Demand to Plaintiff's Complaint** to be sent via e-filing to the persons named below, each a "Filing User" pursuant to Case Management/Electronic Case Files, on February 8, 2008, in accordance with the rules governing the electronic filing of documents.

s/ Marc J. Boxerman
MARC J. BOXERMAN
Senior Counsel

Persons served:

Marcelle M. Le Compte
Attorney at Law
820 W. Jackson Blvd., Suite 310
Chicago, IL 60607

Thomas J. Aumann
City of Chicago Department of Law
30 N. La Salle Street, Suite 1020
Chicago, IL 60602